IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL MALDONADO [HS6238] | : : : : | CIVIL ACTION |
| v. | : : : | |
| LOUIS FOLINO, et al. | : | NO. 14-1716 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                                                       June 27, 2014
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner Angel Maldonado is currently incarcerated at SCI-Greene in Waynesburg, Pennsylvania, where he is serving a term of life imprisonment for first degree murder. For the reasons which follow, it is recommended that Mr. Maldonado's habeas claims be denied and dismissed without prejudice for failure to exhaust state court remedies.

### I.  BACKGROUND AND PROCEDURAL HISTORY[1]

On June 22, 2007, Mr. Maldonado was charged with murder, criminal conspiracy, possession of a firearm, carrying a firearm without a license in public, and possession of an instrument of crime with intent to employ it criminally in regard to an incident which occurred on June 21, 2007, involving the victim Raheem Haines. *See* Petition under 28 U.S.C. §2254 for

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Maldonado's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody; his memorandum in support thereof, inclusive of all exhibits thereto; the Commonwealth's Response, correspondence to the Court from Petitioner, and the available state court record.

Writ of Habeas Corpus by a Person in State Custody,[2] Exhibit B; *see also* Court of Common Pleas of Philadelphia County Criminal Docket Number CP-51-CR-0011234-2007[3] at 2. Charges were also filed for the attempted murder of Jennifer Patrick and the murder of Diane Patrick. *See* Petition, Exhibit C; *see also* Court of Common Pleas of Philadelphia County Criminal Docket Number CP-51-CR-0011255-2007[4] at 2. He subsequently proceeded to a jury trial on these charges before the Honorable Renee Cardwell Hughes in the Court of Common Pleas of Philadelphia County where he was found guilty on May 7, 2010, of murder in the first degree. On May 12, 2010, Petitioner was sentenced to life imprisonment. *See* State Court Docket CP-51-CR-0011234-2007 at 20-21; State Court Docket CP-51-CR-0011255-2007 at 21-22. A timely appeal was made to the Superior Court of Pennsylvania on June 11, 2010, and Petitioner's judgment of sentence was affirmed on February 14, 2012. *See* State Court Docket CP-51-CR-0011234-2007 at 24-25; State Court Docket CP-51-CR-0011255-2007 at 24-25. Mr. Maldonado filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court on September 12, 2012, and the petition was denied on March 21, 2013. *See* Petition, Exhibit F.

Petitioner then sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9541, *et seq.*, by filing a PCRA petition on February 28, 2014. *See* State Court Docket CP-51-CR-0011234-2007 at 25; State Court Docket CP-51-CR-0011255-2007 at 25. A hearing concerning this petition is scheduled for September 18, 2014. *See* State Court Docket CP-51-CR-0011234-2007 at 5; State Court Docket CP-51-CR-0011255-2007 at 5.

---

[2] Hereinafter "Petition".
[3] Hereinafter "State Court Docket CP-51-CR-0011234-2007".
[4] Hereinafter "State Court Docket CP-51-CR-0011255-2007"

On March 19, 2014, Petitioner signed and dated the instant habeas petition pursuant to 28 U.S.C. §2254, and it was filed in the Eastern District of Pennsylvania on March 21, 2014.[5] Mr. Maldonado seeks habeas relief on the following grounds:

GROUND #1: Petitioner's trial was conducted in violation of Petitioner's right to be indicted or receive a presentment from a grand jury, resulting in a violation of U.S. Constitution Amendment V & U.S. Constitution Article VI, Clause 2, which led to a conviction and sentence that was imposed in a tribunal without lawful jurisdiction.
. . . . .
GROUND #2: Trial court and the prosecution each committed a "Brady Violation" by not providing the Petitioner with evidence that could be considered exculpatory in nature, resulting in a violation of the Petitioner's constitutional right to due process of law as guaranteed by the U.S. Constitution Amendments V and XIV, as well as by the Pennsylvania Constitution Article I, Section 9.
. . . . .
GROUND #3: Prosecution committed a "Brady Violation" by not disclosing specific information about their primary witness, resulting in a violation of the Petitioner's constitutional right to due process of law as guaranteed by the U.S. Constitution, Amendments V and XIV, as well as by the Pennsylvania Constitution, Article I, §9.
. . . . .
GROUND #4: Trial court violated Petitioner's constitutional right to due process of law by denying Petitioner's request to have his clothing tested for gunshot residue, resulting in violations to U.S. Constitution, Amendments V and XIV as well as Pennsylvania Constitution, Article I, §9.
. . . . .
GROUND #5: Petitioner's trial counsel violated Petitioner's U.S. Constitution Amendment VI right to assistance of counsel by pursuing "Diminished Capacity" defense.
. . . . .
GROUND #6: Trial court denied the Petitioner his constitutional right to an impartial jury, resulting in a violation to the United States Constitution, Amendment VI and Pennsylvania Constitution, Article I, Section 9.
. . . . .
GROUND #7: Petitioner's Criminal Docket at CP-51-CR0011255-2007 alleges that the Petitioner was convicted and sentenced for numerous criminal offenses, however, none of the alleged convictions and sentences were imposed through a written judgment of sentence order, causing violations to the Petitioner's due process of law rights as guaranteed by U.S. Constitution, Amendments V and XIV and Pennsylvania Constitution, Article I, §9.
. . . . .
GROUND #8: Petitioner's trial counsel violated Petitioner's U.S. Constitution, Amendment VI right to assistance of counsel when counsel chose not to motion for a mistrial or request a separate trial from Petitioner's co-defendant, despite threats made against the

---

[5] For purposes of the Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, March 19, 2014, as the date of filing. See *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

Commonwealth's primary witness by the brother of Petitioner's co-defendant, which caused the Commonwealth witness' placement in the witness relocation program.

Petitioner's Memorandum in support of Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus[6] at 652 (emphasis in original). The Commonwealth asserts that Petitioner is not entitled to federal habeas corpus relief as his claims are unexhausted. *See* Response to Petition for Writ of Habeas Corpus[7] at 1.

## II.  DISCUSSION

### A.  Exhaustion

The exhaustion rule, codified in 28 U.S.C. §2254,[8] provides that the habeas petitioner must have "exhausted the remedies available in the courts of the State" for all constitutional claims before a federal court shall have habeas corpus jurisdiction. There are rare circumstances that circumvent this requirement, none of which apply to the case at hand. To exhaust all remedies for a claim under 28 U.S.C. §2254, the habeas petitioner must give the state courts a full and fair opportunity to resolve all federal constitutional claims. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order for Mr. Maldonado

---

[6] Hereinafter "Petitioner's Memorandum".
[7] Hereinafter "Commonwealth's Response".
[8] The exhaustion requirements of 28 U.S.C. §2254 provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>     (A) the applicant has exhausted the remedies available in the courts of the State: or
>     (B)(i) there is an absence of available State corrective process, or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

to give each habeas claim a full and fair opportunity for resolution, he must have presented both the factual and legal substance in the state courts through the highest tribunal, the Pennsylvania Superior Court.[9] The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of the state judicial proceedings. See *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille*, 109 S.Ct. at 1059 (1989). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *See Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993)) ("[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court").

In limited circumstances, a federal court may stay the habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the habeas petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court. See *Rhines v. Weber*, 544 U.S. 269, 275-276 (2005) The "stay and abeyance" procedure is

only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless [citation omitted]. Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. [. . .] Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a

---

[9] Seeking *allocator* by the Pennsylvania Supreme Court is not part of the standard appeals process. See Pennsylvania Supreme Court *Order No. 218* (May, 2000); see also *Mattis v. Vaughn*, 128 F.Supp.2d 249, 261 (E.D.Pa. 2001); *Lambert v. Blackwell*, 387 F.3d 210, 233-234 (3d Cir. 2004).

petitioner's trip to state court and back. See e.g., *Zarvela*, 254 F.3d at 381 ("[D]istrict courts should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

*Id.* at 277-278.

Mr. Maldonado's PCRA petition is awaiting a hearing in state court which is scheduled for September 18, 2014. As Petitioner's state court remedies are not yet exhausted, his habeas petition is not properly before this Court. Additionally, because Mr. Maldonado is still in the process of exhausting his state court remedies, this matter does not fall within the "limited circumstances" where stay and abeyance are appropriate. As a result, I recommend that the instant habeas petition be denied and dismissed without prejudice for failure to exhaust.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DENIED AND DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner is advised that he may file objections to this Report and Recommendation. See Local Rule of Civil Procedure 72.1. Failure to file timely objections may constitute a waiver of any appellate rights in this habeas action.

BY THE COURT:

S/M. FAITH ANGELL _____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By Email:
Hon. Juan R. Sanchez
Joshua S. Goldwert, Esq.   joshua.goldwert@phila.gov

By Mail:
Angel Maldonado, HS6238
SCI Green
169 Progress Dr.
Waynesburg, PA 15370

6